ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 DO THE DUTIES OF 85 O.S. 175 (1981) REGARDING THE FIXING AND APPROVING OF ADMINISTRATIVE EXPENSES FOR THE SPECIAL INDEMNITY FUND FALL TO THE EXPANDED NINE MEMBER BOARD OF MANAGERS OF THE STATE INSURANCE FUND, OR TO THE THREE OFFICERS LISTED IN THE STATUTE?
BECAUSE THIS QUESTION CAN BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES AND CASE LAW, THIS OFFICE FELT THAT THE ISSUANCE OF AN INFORMAL OPINION LETTER WOULD BE APPROPRIATE. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, AND NOT A FORMAL OPINION OF THE ATTORNEY GENERAL.
ANALYSIS OF YOUR QUESTION MUST START WITH A REVIEW OF THE RELEVANT STATUTE. TITLE 85 O.S. 175 (1981) STATES:
 "THE STATE INSURANCE FUND OF THE STATE OF OKLAHOMA SHALL BE CHARGED WITH THE ADMINISTRATION AND PROTECTION OF SAID SPECIAL INDEMNITY FUND AND SHALL BE NOTIFIED BY THE ADMINISTRATOR OF ALL PROCEEDINGS WHICH MAY AFFECT SUCH FUND."
ANY PARTY INTERESTED SHALL HAVE A RIGHT TO BRING A PROCEEDING IN THE SUPREME COURT OF THE STATE OF OKLAHOMA TO REVIEW AN AWARD OF THE COURT AFFECTING SUCH SPECIAL INDEMNITY FUND, IN THE SAME MANNER AS IS NOW PROVIDED BY LAW WITH REFERENCE TO OTHER AWARDS BY THE COURT.
PROVIDED FURTHER THAT THE STATE TREASURER SHALL ALLOCATE TO THE STATE INSURANCE FUND OUT OF THE SPECIAL INDEMNITY FUND, SUFFICIENT FUNDS FOR ADMINISTRATION EXPENSES THEREOF IN AMOUNTS TO BE FIXED AND APPROVED BY THE GOVERNOR, ATTORNEY GENERAL AND SECRETARY OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES.
THE OKLAHOMA SUPREME COURT HAS HELD THAT THE SPECIAL INDEMNITY FUND IS A PART OF THE STATE INSURANCE FUND. SPECIAL INDEMNITY FUND V. BARNES, 434 P.2D 218 (OKLA.1967). IN BARNES, THE COURT HELD:
 "IN CREATING THE SPECIAL INDEMNITY FUND, TO CARRY OUT THE PURPOSES OF THE COMPENSATION ACT, THE LEGISLATURE INCLUDED THE STATE INSURANCE FUND UPON THE SAME BASIS AS ANY INSURER, AND SPECIFICALLY CHARGED THAT AGENCY WITH ADMINISTRATION AND PROTECTION OF THE INDEMNITY FUND. 85 O.S. 174/85 O.S. 175. THE EFFECT OF THIS LEGISLATION MADE THE INDEMNITY FUND A PART OF THE STATE INSURANCE FUND.
434 P.2D AT 220. THE STATE INSURANCE FUND IS OPERATED BY ITS BOARD OF MANAGERS. 85 O.S. 131(A). CURRENTLY, THE BOARD OF MANAGERS IS COMPRISED OF NINE MEMBERS, BUT THIS MEMBERSHIP HAS BEEN CHANGED SEVERAL TIMES SINCE THE ESTABLISHMENT OF THE SPECIAL INDEMNITY FUND. YOUR QUESTION IS WHETHER THE BOARD OF MANAGERS OR THE THREE SPECIFIC STATE OFFICIALS LISTED IN THE ABOVE STATUTE SHOULD ACTUALLY BE CHARGED WITH FIXING AND APPROVING THE EXPENSES FOR THE FUND.
IN THE LAST PARAGRAPH OF 85 O.S. 175, SUPRA, THE LEGISLATURE HAS MADE CLEAR ITS INTENTION REGARDING THIS QUESTION. THE GOVERNOR, THE ATTORNEY GENERAL AND THE SECRETARY OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES ARE TO FIX AND APPROVE THE AMOUNTS OF ADMINISTRATIVE EXPENSES TO BE PAID TO THE STATE INSURANCE FUND FOR ITS ADMINISTRATION OF THE SPECIAL INDEMNITY FUND. THE SECRETARY OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES IS ONE OF THE FOUR MEMBERS OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES APPOINTED BY THE GOVERNOR, PURSUANT TO 36 O.S. 331 (1991). THERE SEEMS TO BE NO AMBIGUITY PRESENT IN THE LANGUAGE USED IN THIS PROVISION (85 O.S. 175), AND NO MENTION IS MADE OF THE BOARD OF MANAGERS OF THE STATE INSURANCE FUND.
IN CONSTRUING A STATUTE, THE GOAL IS ALWAYS TO FOLLOW THE LEGISLATIVE INTENT. HUMPHREY V. DENNEY, 757 P.2D 833, 835 (OKLA. 1988). THAT INTENT IS FIRST SOUGHT IN THE LANGUAGE OF THE STATUTE ITSELF, AND IF IT IS PLAINLY EXPRESSED, IT MUST BE FOLLOWED WITHOUT FURTHER INQUIRY. SPECIAL INDEMNITY FUND V. HAROLD, 398 P.2D 827, (OKLA. 1965). IN THIS REGARD, THE SUPREME COURT OF OKLAHOMA HAS CONSISTENTLY HELD THE FOLLOWING:
 "A CARDINAL PRINCIPLE OF STATUTORY CONSTRUCTION IS THAT WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS AND THE MEANING CLEAR AND UNMISTAKABLE, THERE IS NO ROOM FOR CONSTRUCTION, AND NO JUSTIFICATION EXISTS FOR INTERPRETIVE DEVICES TO FABRICATE A DIFFERENT MEANING."
IN RE GUARDIANSHIP OF CAMPBELL, 450 P.2D 203, 205 (OKLA. 1966); ANSCHUTZ CORP. V. SANDERS, 734 P.2D 1290, 1292 (OKLA. 1987).
IN LIGHT OF THESE RULES OF STATUTORY CONSTRUCTION IN OKLAHOMA, AND THE CLEAR LANGUAGE OF THE STATUTE ITSELF, IT IS APPARENT THAT THE EXPENSES OF THE FUND TO BE PAID TO THE STATE INSURANCE FUND ARE TO BE FIXED AND APPROVED BY THE GOVERNOR, THE ATTORNEY GENERAL AND THE SECRETARY OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES.
ONE MAY NOT AMEND, CHANGE, ALTER OR RESTRICT THE PLAIN LANGUAGE OF A STATUTE UNDER THE GUISE OF STATUTORY INTERPRETATION. OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD V. CENTRAL LIQUOR CO., 421 P.2D 244 (OKLA. 1966). DECIDING THAT THE NINE MEMBER BOARD OF MANAGERS OF THE STATE INSURANCE FUND, RATHER THAN THE OFFICIALS NAMED IN THE STATUTE, SHOULD FIX AND APPROVE THE ADMINISTRATIVE EXPENSES OF THE FUND WOULD BE CHANGING THE PLAIN MEANING OF 85 O.S. 175.
IT IS PRESUMED THAT THE LEGISLATURE HAS EXPRESSED ITS INTENT IN A STATUTE AND THAT IT INTENDED WHAT IT SO EXPRESSED. FULLER V. ODOM, 741 P.2D 449 (OKLA. 1987). THE LEGISLATURE COULD HAVE ORIGINALLY DESIGNATED THE BOARD OF MANAGERS IN 85 O.S. 175, OR IT COULD AT ANY TIME SUBSEQUENT HAVE AMENDED THIS STATUTE TO DESIGNATE THE BOARD OF MANAGERS. IT DID NOT, NOR HAS IT AMENDED THE STATUTE IN QUESTION TO CHANGE THE DESIGNATION OF THE OFFICIALS LISTED. IT IS THEREFORE THE OPINION OF THE UNDERSIGNED THAT PURSUANT TO 85 O.S. 175, THE ADMINISTRATIVE EXPENSES OF THE SPECIAL INDEMNITY FUND TO BE PAID TO THE STATE INSURANCE FUND ARE TO BE FIXED AND APPROVED BY THE GOVERNOR, THE ATTORNEY GENERAL AND THE SECRETARY OF THE STATE BOARD FOR PROPERTY AND CASUALTY RATES, UNDER THE PLAIN LANGUAGE OF THE STATUTE.
(KAREN L. COLLIER)